# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: :
    LAGALE BROWN : CIVIL ACTION NO. 21-CV-3424
     :

## MEMORANDUM

**PRATTER, J.**                                                                                                       NOVEMBER 29, 2021

      Plaintiff Lagale Brown, who is proceeding *pro se*, brings this civil action alleging violations of her constitutional rights. Ms. Brown seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Brown leave to proceed *in forma pauperis* and will dismiss her Amended Complaint in its entirety.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

      Ms. Brown commenced this matter by filing a series of emails claiming that the Defense Logistics Agency and certain celebrities have used mind control to steal her intellectual property and have sought to have her killed. (ECF No. 1.) The Clerk of Court construed Ms. Brown's filing as a Complaint and opened a civil action. Ms. Brown did not, however, pay the necessary fees, or file an application to proceed *in forma pauperis*, and was instructed to do so by Order dated August 26, 2021. (*See* ECF No. 5.) Because her initial email submission failed to meet the requirements of the Federal Rules of Civil Procedure governing complaints, Ms. Brown also was directed to file an amended complaint and was provided with a blank form. (*Id.*) Ms. Brown continued to send a series of emails to the Court that are best described as fantastical and delusional (*see* ECF Nos. 6-10); she also filed a motion to proceed *in forma pauperis*. (ECF No.

---

[1] The following facts are taken from the Complaint and the exhibits attached to the Complaint.

11.) Because Ms. Brown's motion to proceed *in forma pauperis* lacked sufficient financial information to allow the Court to determine whether she has the means to pay the fees to commence this case, and further because Ms. Brown still had not filed a signed complaint that complied with the Federal Rules of Civil Procedure, by Order dated October 15, 2021, Ms. Brown was granted an additional thirty days to correct the deficiencies in her submissions. (ECF No. 12.) To assist Ms. Brown, the Clerk of Court was again instructed to provide Ms. Brown with the Court's form application to proceed *in forma pauperis* and form complaint. (*Id.*)

In response, Ms. Brown filed a new motion to proceed *in forma pauperis* (ECF No. 15), as well as numerous other motions, emails, and letters. (*See* ECF Nos. 16, 17, 18, 19, 20, 22, 23, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38.) Additionally, Ms. Brown has filed several documents titled "Complaint." (*See* ECF Nos. 21, 24, 27, 28.) The most recently filed Complaint (ECF No. 28, hereinafter "the Amended Complaint"), serves as the operative pleading because it supersedes the prior pleadings.[2] *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted), *cert. denied*, 140 S. Ct. 1611 (2020). "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). "Therefore, as a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, Civ. A.

---

[2] Neither the Amended Complaint nor the application to proceed *in forma pauperis* contain a hand placed signature. Rather, it appears that both contain an electronic signature. Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signatures as compliant with Federal Rule of Civil Procedure 11.

2

No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, Civ. A. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).

Ms. Brown's Amended Complaint is rambling and contains nonsensical assertions. The caption lists as Defendants Richard Ellis and State Representative Michael Zabel and alleges that her constitutional rights were violated. (*See* ECF No. 28 at 1.)[3] Ms. Brown "submit[s] [the Amended Complaint] to ensure that this person's concerns about espionage and rape bartering to illicit worldwide evil, Abuse of Cyber and Electrical Technologies are stopped." (*Id.*) She generally alleges violations of her constitutional rights due to theft and targeting efforts by Defendants and various public figures. Ms. Brown suggests that Meghan Markle, Harry Windsor, Vladimir Putin, the Defense Logistics Agency, and the White House have engaged in conspiracies to harm people in the United States. (*Id.* at 2.) For example, Ms. Brown contends that Markle "controls the Secretary of Defense, the FBI and the CIA and the Military service" and steals from Ms. Brown's family. (*Id.*) She further claims that Markle is part of a "worldwide terror plot[]." (*Id.* at 3) ("Markle plots against the court to steal money from rejected Claims and has done this to me since 2018, when I had a viable claim against other employees who break [sic] the law."). Ms. Brown also describes a conversation she had with Vladimir Putin and suggests that he arranged to have Ms. Brown's home broken into and seeks to kill her. (*See id.* at 3-5.) Ms. Brown further claims that "Vladimir said that he has known about me all of his life and hates what has happened to me. He admits to shooting me in the back in 1992 in September." (*Id.*) It is not clear what relief Ms. Brown seeks.

## II. STANDARD OF REVIEW

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

3

The Court will grant Ms. Brown leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, the Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Amended Complaint if it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Ms. Brown is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.  DISCUSSION**

It appears from Ms. Brown's Amended Complaint that she seeks to pursue this matter as a civil rights case. Accordingly, the Court will construe the Amended Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983. Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

4

>Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Ms. Brown may not proceed on her claims because her allegations, to the extent decipherable, are wholly incredible, lack a basis in fact, and are clearly frivolous. The Court has thoroughly reviewed Ms. Brown's filing and cannot discern any plausible basis for a non-frivolous claim upon which she could move forward. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, Civ. A. No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

There are other defects in Ms. Brown's claims. Ms. Brown also has failed to plausibly allege any facts demonstrating that Defendant Ellis is a state actor liable under § 1983 and has not otherwise set forth a basis to hold him liable under that statute. *See, e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("[T]o state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). Furthermore, even if Defendant Zabel is a state actor, Ms. Brown has not plausibly pled that he was personally involved in the alleged constitutional violations. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable). Reading the Amended Complaint as a whole, the Court concludes that Ms. Brown's allegations lack a factual basis and do not support any plausible constitutional claim. Therefore, the Court will dismiss the Amended Complaint in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ms. Brown leave to proceed *in forma pauperis* and dismiss her Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Ms. Brown will not be permitted to file a second amended complaint because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.